## McEvilly v. Tucci

*J. P. McEvilly*, for plaintiffs.
*Anthony Tucci*, in propria persona.

SABO, *J.*, March 7, 1975

## FACTS

Plaintiffs, James P. and Joan E. McEvilly, filed suit against defendants, Anthony and Mary Tucci, on August 29, 1974.

Service of the complaint in accordance with City of Philadelphia Housing Code, §7-706, which provides that: "In the event that an owner shall fail to designate a managing agent . . ., the owner shall be deemed to have appointed the Managing Director of the City of Philadelphia as his agent to accept service of process."

Defendants did not register a managing agent.

On October 18, 1974, after giving the notice required under Pa.R.C.P. 236, plaintiffs entered judgment against defendants for failure to answer the complaint.

Now, defendants seek to open judgment and enter a defense.

## LAW

It cannot be said that defendants were in any way notified of the complaint filed against them by plaintiffs.

Defendants' address was at all times known to plaintiffs who, nevertheless, chose not to serve them under Rule 2079 designated for service of process on a non-resident.

Clearly, once defendants became aware of the entry of a judgment against them, they sought to open judgment by filing this petition.

Thus, defendants' delay has been reasonably explained and a petition promptly filed: Fox v. Mellon, 438 Pa. 364, 264 A. 2d 623 (1970).

The fact that defendants were not properly notified, that they have a meritorious defense, and that plaintiffs, without attempting to contact defendants in a manner becoming a professional,

242

filed for default judgment on the twenty-fourth day, all give rise to equitable considerations which appeal to the conscience of the court.

Defendants' use of plaintiff's failure to pay rent as a defense, is a valid one. Plaintiffs' citation of the Act of April 6, 1951, P.L. 69, as amended, 68 PS §250.512(b), which requires the landlord to "forfeit all rights to withhold any portions of sums held in escrow, . . . or to bring suit against the tenant for damages to the leasehold premises," is meritless, as the action does not deal with damage to the premises.

Therefore, and for the above-stated reasons, the judgment entered by plaintiffs is opened and defendants allowed 20 days from the date of the order to answer or otherwise plead.

## ORDER

And now, March 7, 1975, it is hereby ordered and decreed that the judgment entered against defendants, Anthony Tucci and Mary Tucci, is opened and defendants are granted the opportunity to file an answer or otherwise plead within 20 days.